NINA R. DEMPSTER, FORMERLY KNOW AS NINA R. McCONNELL, PLAINTIFF AND APPELLANT, v. EARL P. McCONNELL, RESPONDENT AND RESPONDENT.

No. 80-383.
Submitted Dec. 17, 1980.
Decided Jan. 28, 1981.
622 P.2d 680.

Morrow, Sedivy, Olson, Scully & Eck, Bozeman, for plaintiff and appellant.

Berg, Coil, Stokes & Tollefsen, Bozeman, for respondent and respondent.

MR. JUSTICE SHEEHY delivered the opinion of the Court.

Petitioner Nina R. Dempster appeals from the judgment of the Eighteenth Judicial District Court, Gallatin County, modifying the child support provision of her decree of divorce to respondent Earl McConnell. We do not reach the issues presented by petitioner. We find that the judgment entered in this case clearly conflicts with the

court's findings of fact and conclusions of law. We remand this judgment to the District Court. See, *Thomas v. Thomas* (1980), 189 Mont. 547 617 P.2d 133, 37 St.Rep 1710.

Petitioner and respondent have one minor child, a son named Clinton McConnell. Pursuant to the child custody provisions of the decree of divorce, Clinton resides with petitioner and her family at their farm near Big Timber, Montana. Respondent, an Oregon rancher, is required by this decree to pay petitioner $100 monthly for Clinton's support. Because of inflation and the financial demands for supporting a growing boy, petitioner requested the District Court to modify the decree by increasing respondent's support obligation to $210 monthly. The District Court held a hearing regarding this request and entered the following findings of fact:

"8.

"That as a result of this Court's Judgment, dated January 13, 1975, Respondent was ordered to pay child support to Petitioner for Clint at the rate of $100.00 per month.

"9.

"That since January 13, 1975, the conditions of the Petitioner's needs for support have changed, in that the cost of living has risen, and the cost of raising the minor child has likewise increased, all by more than 100%, and Respondent has the ability to pay substantially more support, and therefore, the current requirement of paying only $100.00 per month as child support is unconscionable.

"10.

"That the Respondent should pay to Petitioner the sum of $200.00 per month for the support, care, custody and education of the minor child, along with medical and dental expenses he incurs, beginning on July 1, 1980, with the additional sum of $100.00 paid into a trust fund for the exclusive use of the boy."

The Court then used these facts to make the following conclusions:

"VI.

"That this Court's previous Judgment, dated January 13, 1975, should be modified by increasing the child support payments to be

made by Respondent to Petitioner to $200.00 per month, plus medical and dental bills of Clint, beginning July 1, 1980, with payment of the additional $100.00 into a trust fund."

The Court requested respondent to prepare an order based upon these findings and conclusions. A judgment was prepared and entered, providing the following order for child support:

"3. That plaintiff (respondent) shall pay the sum of TWO HUNDRED DOLLARS ($200.00) per month, plus medical and dental bills of Clinton Earl McConnell, beginning July 1, 1980; that ONE HUNDRED DOLLARS ($100.00) per month shall be paid directly to the defendant (petitioner) and that an additional ONE HUNDRED DOLLARS ($100.00) shall be paid into a trust fund established in the name of Clinton Earl McConnell, said trust fund to be for the boy's exclusive use. The plaintiff, Earl P. McConnell, shall be the trustee charged with the care and accounting of said trust fund."

This judgment substantially conflicts with the District Court's findings and conclusions. The court found that the boy's increased support need rendered the current $100 monthly amount unconscionably low. The court then concluded that *respondent pay petitioner* an extra $100 monthly to be held in trust to provide for the support needs of the boy. The judgment conflicts with this conclusion by providing that *respondent keep* the increased support payment and hold it in trust. As we held in *Thomas*, supra, we must remand this case to the District Court to enter a judgment consistent with its findings. It appears that some person other than the former husband would be an appropriate trustee for the trust fund.

Remanded to the District Court for entry of consistent findings, conclusions and order in conformity with this opinion.

MR. CHIEF JUSTICE HASWELL and JUSTICES DALY, HARRISON and SHEA concur.